IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:25-cv-00369-MR

| | |
|---|---|
| JAMES EUGENE PITTMAN, JR., )<br>)<br>  Petitioner, )<br>)<br>PORTIA S. PITTMAN, )<br>)<br>  As Next Friend, )<br>)<br>vs. )<br>)<br>SHERIFF OF GASTON COUNTY, )<br>and the MEDICAL SUPERVISOR OF )<br>GASTON COUNTY, )<br>)<br>  Respondents. )<br>_____ ) | MEMORANDUM OF<br>DECISION AND ORDER |

**THIS MATTER** is before the Court on initial review of the pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, on behalf of James Eugene Pittman, Jr. (herein "Petitioner"), by Portia S. Pittman, as his "next friend" (herein "Ms. Pittman"). [Doc. 1].

I.  **BACKGROUND**

Ms. Pittman, the biological sister of Petitioner [Doc. 1 at 1], has filed a petition pursuant to 28 U.S.C. § 2254 asserting "next friend" status on behalf of Petitioner, a state criminal pretrial detainee held in the Gaston County,

North Carolina jail. [Id.]. Ms. Pittman is not an attorney licensed by the North Carolina State Bar[1] and seeks to assist Petitioner, her brother, because she asserts that he "is unable to effectively represent himself due to systemic obstruction, retaliation, and denial of access to legal resources, in violation of his federal and state rights." [Id.]. The Petitioner is, nevertheless, represented by court-appointed counsel in his state criminal proceeding for which he is detained in Gaston County. [Id. at 2]. In addition to filing the petition, Ms. Pittman has filed a Motion to Compel Production of Records [Doc. 2], a Motion for Service of Process [Doc. 3], and a Motion to Expand the Record Pursuant to Rule 7 of the Rules Governing Section 2254 Cases. [Doc. 5].

## II. DISCUSSION

Relief under 28 U.S.C. § 2254 is available to a person who is "in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The "in custody pursuant to [a] judgment" requirement is a prerequisite to invoking the subject matter jurisdiction of the court under § 2254. As a pretrial detainee, Petitioner is not yet "in custody pursuant to the

---

[1] A search of the North Carolina State Bar membership directory using the surname "Pittman" located no licensed attorney with the full name "Portia S. Pittman." https://portal.ncbar.gov/Verification/results.aspx. Fed.R.Evid. 201.

2

judgment of a State court," and thus, § 2254 does not apply. Instead, Petitioner's request for relief is governed by 28 U.S.C. § 2241. See Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987) (pre-trial petitions are properly brought under 28 U.S.C. § 2241; a petition under 28 U.S.C. § 2254 would be improper because that section applies only to post-trial situations affording relief to a petitioner "in custody pursuant to the judgment of a state court."). As Petitioner is a state pretrial detainee, the Court will construe Petitioner's filing as a request for habeas corpus relief brought under 28 U.S.C. § 2241. Despite reviewing and recharacterizing the filing in this matter as a request for relief under 28 U.S.C. § 2241, the Court concludes this action must be dismissed on jurisdictional grounds.

Article III, Section 2 of the Constitution limits the power of federal courts to actual cases and controversies. Though "several doctrines ... have grown up to elaborate that requirement," the one "that requires a litigant to have 'standing' to invoke the power of a federal court is perhaps the most important." Allen v. Wright, 468 U.S. 737, 750 (1984). A person who does not satisfy Article III's standing requirements may still proceed in federal court if she meets the criteria to serve as next friend of someone who does. In Whitmore v. Arkansas, 495 U.S. 149, 162 (1990), the Supreme Court noted that next friend standing "has long been an accepted basis for

3

jurisdiction in certain circumstances," expressly permitted in habeas actions,[2] and has most often been invoked "on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." The Court clarified that "[a] 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." Id. at 163.

> The availability of next friend standing in federal court is strictly limited:
>
> Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

Whitmore, 495 U.S. at 163-64 (internal citations omitted). As the Court emphasized, "[t]hese limitations on the 'next friend' doctrine are driven by the

---

[2] "Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended **or by someone acting in his behalf**." 28 U.S. Code § 2242 (emphasis added).

recognition that it was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." Id. at 164.

This Court now turns to the issue of whether Ms. Pittman qualifies for next friend status. The Court finds that Ms. Pittman has a significant relationship with the real party in interest, her biological brother the Petitioner, and that she appears truly dedicated to his best interests as reflected in her various filings for him. The Court cannot find, however, that the real party in interest, the Petitioner, is incapable of appearing on his own behalf to prosecute the action. Ms. Pittman has alleged no facts setting forth any basis as to why the Petitioner cannot complete a standard habeas form himself and sign it under penalty of perjury.[3] Ms. Pittman has made only a conclusory allegation that Petitioner "is unable **to effectively represent himself** due to systemic obstruction, retaliation, and denial of access to legal resources, in violation of his federal and state rights." [Doc. 1 at 1 (emphasis added)]. But what her allegation fails to address is the fact that the Petitioner is presently represented by an attorney licensed by the North Carolina State

---

[3] The Court notes that Ms. Pittman, herself, failed to sign the petition under penalty of perjury. "The petition must be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rule 2(c)(5) of the Rules Governing Section 2254 Cases. This omission alone would require the Court to dismiss this action.

5

Case 3:25-cv-00369-MR    Document 6    Filed 09/29/25    Page 5 of 7

Bar who has been appointed by the State court to represent Petitioner in that forum. This is no accidental oversight by Ms. Pittman.

The Court has before it the all-too-common scenario of a concerned family member, wanting the best for her loved one caught up in the criminal justice system, but who is at odds with the attorney appointed by a court to represent her loved one. Having corresponded with Petitioner's court-appointed attorney, Ms. Pittman clearly disagrees with counsel's approach to her brother's case. "This correspondence [with Petitioner's counsel] supports the claim of ineffective assistance of counsel, prejudicial treatment, and violation of the Sixth Amendment. The tone and content of this communication demonstrate dismissal of valid constitutional concerns and reflect a lack of adequate legal advocacy for a pretrial detainee facing serious charges." [Doc. 1-1 at 1]. Ms. Pittman's disagreement with Petitioner's counsel, especially in the absence of any factual showing of mental incompetence or other disability plaguing the Petitioner, is not a valid basis to permit her next friend status. As noted by the Fifth Circuit,

> [I]ndividuals not licensed to practice law by the state may not use the "next friend" device as an artifice for the unauthorized practice of law. The "next friend" expedient, which on occasion may be essential to the efficacy of the "Great Writ," may not be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined.

Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978). As mandated by the Supreme Court, "[t]he burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." Whitmore, 495 U.S. at 164. Ms. Pittman has not carried this burden. Accordingly, Ms. Pittman fails to qualify for the status of next friend and, therefore, this Court is without jurisdiction to proceed.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Ms. Pittman's next friend status is **DENIED** and this action is **DISMISSED** for want of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court **DECLINES** to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 474, 484 (2000).

**IT IS SO ORDERED.**

Signed: September 29, 2025

Martin Reidinger
Chief United States District Judge